HOVEY et al. v. KIRBY. (No. 5685.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916. Rehearing Denied Nov. 29, 1916.)

CARRIERS ☞228(3)—INJURY TO CATTLE—EVIDENCE.

In action against railroad for injuring cattle shipped, to be placed on pasture in ranches near the point of destination, it was permissible for a witness to testify as to their market value in that section of the country, where he also testified that their market value would be the same all over that section, which included the point of destination.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ☞228(3).]

Appeal from District Court, Crockett County; J. W. Timmins, Judge.

Action by J. C. Kirby against S. B. Hovey and others. From a judgment for plaintiff, defendant Texas & Pacific Railway Company appeals. Affirmed.

H. S. Garrett and C. E. Mays, Jr., both of San Angelo, for appellant. N. W. Graham and C. E. Davidson, both of Ozona, and Blanks, Collins & Jackson, of San Angelo, for appellee.

RICE, J. In May, 1914, appellee brought this suit in the justice's court against the Texas & Pacific Railway Company, the St. Louis Southwestern Railway Company of Texas, and S. B. Hovey and M. L. Mertz, receivers of the Kansas City, Mexico & Orient Railway Company of Texas, for the recovery of damages to a shipment of 141 head of stock cattle from Winona, Tex., to Barnhart, Tex., on the ground that the cattle were delayed and roughly handled in transit. Appellants answered by a general demurrer and a general denial, and specially that if appellee's cattle were damaged, the same resulted by reason of his negligence in overloading the cars; that the cattle were thin and poor and not in condition to be shipped, and if any damages occurred, same were occasioned by the inherent vice of said stock. Trial in the justice's court resulted in a judgment in favor of appellee against all of the defendants, from which an appeal was prosecuted to the district court of said county; the civil jurisdiction of the county court having been

given to that court. In the latter court the case was tried by the court without a jury, and a judgment was rendered against the Texas & Pacific Railway Company, but in favor of the other two defendants, from which this appeal is prosecuted alone by it.

The two first assignments complain of the action of the court in permitting the plaintiff and his witness Montgomery to testify as to the market value of the cattle in question at Barnhart, over appellant's objection, on the ground that it was not shown that said witnesses were acquainted with the market value of the cattle at said place. The evidence, briefly stated, shows that the cattle were roughly handled between Ft. Worth and Baird on the Texas & Pacific, the cars in which they were shipped being close to the engine, and in switching them about the cattle were frequently knocked down, from which they sustained injury, resulting in the death of four of them, four being seriously injured, and the balance damaged to the extent of from $2.50 to $5 per head. At Baird, over appellee's objection, they were unloaded in pens full of mud and water, where they bogged to their knees and were unable to get proper feed. Appellee frequently asked permission from the trainmen to get his cattle up, but these requests were denied. Appellee testified that the cattle were stock cattle, and were not shipped for market, but to be placed in pasture on his ranch near Barnhart; that he had been in the cattle business for 40 years, buying and selling cattle in that country, and had frequently shipped cattle, and was acquainted with the fair market value of cattle of that class and character there.

The witness Montgomery testified that he lived in Crockett county, and had been engaged in the cattle business all of his life, having shipped cattle ever since he could ride a train; that he had shipped cattle to market for a number of years; that he saw plaintiff's cattle when they reached Barnhart; that he was acquainted with the market value of cattle at that time and place, and that they were worth, to take them all around, about $27.50 per head; that in his judgment, if the cattle were knocked down from five to seven times in the cars, and were unloaded in muddy pens, that cattle of this character would be damaged from $2.-50 to $5 per head; that the market value at Barnhart was the same as the market value for such stuff all over this country; that he had sold cattle at Mertzon, a little town up the road from Barnhart; that when he spoke of the market value of such stuff he meant the market value all over this country. While it may be true, as contended by appellants that this witness did not testify to sales at Barnhart of such cattle, yet he did testify that the market value at Barnhart was the same as all over that section

for this character of cattle. Where cattle are shipped, not for market, but for the purpose of placing on pasture in ranches near the point of destination, as in the instant case, we think it permissible for the witness to testify as to their market value in that section of the country, and Montgomery testified that their market value would be the same all over that section, which included the point of destination; and, even if it be granted that the testimony of appellee himself failed to show market value at Barnhart, still, the evidence of Montgomery, which was not contradicted in this respect, was amply sufficient to support the judgment of the court. For which reason these assignments are overruled.

The remaining assignments have been duly considered, and are regarded without merit. Hence we overrule the same. Finding no error in the proceedings of the trial court, its judgment is, in all things, affirmed.

Affirmed.